# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MARCUS ANTHONY FOREMAN (12),<br><br>　　　　　　　　　　Defendant. | Case No.: 14-cr-1288-12-DMS; 21-cv-43-DMS<br><br>**ORDER DENYING DEFENDANT'S RENEWED MOTIONS FOR RECONSIDERATION** |

Pending before the Court are Defendant's Renewed Motion for Reconsideration of the Court's Order Denying Defendant's Motion to Vacate, Set Aside, or Correct Conviction and Sentence Pursuant to 28 U.S.C. § 2255, (Motion 1, ECF No. 1629), Renewed Motion for Reconsideration of the Court's Order Denying Defendant's Motion for Reconsideration of Defendant's § 2255 Motion, (Motion 2, ECF No. 1633); and Supplemental Motion to Defendant's Motion 2.[1] (ECF No. 1635). The Court finds this matter suitable for disposition without oral argument. Civil Local Rule. 7.1(d)(1). For the following reasons, Defendant's motions are denied.

---

[1] Defendant's supplemental motion at docket 1635 merely provides a table of contents for Defendant's Motion 2.

## I. BACKGROUND

The Court incorporates the background of this case from its January 13, 2022 Order. (ECF No. 1541). As relevant here, on January 7, 2021, Defendant initially filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1489). This Court denied Defendant's motion on January 13, 2022. (ECF No. 1541). Defendant then appealed the Court's January 13, 2022 Order. (ECF No. 1546). While that Order was under appeal, Defendant filed a motion for reconsideration of the Court's denial of Defendant's January 7, 2021 § 2255 motion. (§ 2255 Motion, ECF No. 1590). On January 13, 2023, the Court denied Defendant's initial motion for reconsideration because it lacked jurisdiction to review Defendant's motion while the underlying Order was on appeal before the Ninth Circuit. (ECF No. 1599). On August 8, 2023, the Ninth Circuit denied Defendant's request for a certificate of appealability. (ECF No. 1599). Defendant then filed the instant motions requesting that the Court reconsider its January 13, 2022 Order Denying Defendant's Motion to Vacate, Set Aside, or Correct Conviction and Sentence. (ECF No. 1546).

## II. LEGAL STANDARD

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The Court has discretion in granting or denying a motion for reconsideration, *see Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003), and should not grant relief absent highly unusual circumstances. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Muchos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

### III.   DISCUSSION

Defendant's first renewed motion for reconsideration makes the following arguments: (1) Defendant was convicted under insufficient evidence (Motion 1, at 4–6); (Motion 2, at 15–56); (2) a video recording evidence should have been precluded because it was unduly prejudicial to Defendant's case (Motion 1, at 7–11); (Motion 2, at 57–80); (3) Defendant's trial and appellate counsel were ineffective in violation of the Sixth Amendment (Motion 1, at 11–23); (Motion 2, at 81–139); (4) Defendant's sentence violates the Fifth, Sixth, and Fourteenth Amendments (Motion 1, at 23–25); and (5) the cumulative error of Defendant's other four claims violated Defendant's due process rights (Motion 1, at 25); (Motion 2, at 139–140).

Defendant previously raised these five grounds for reconsideration in his January 7, 2025 § 2255 motion. (§ 2255 Motion); ((Motion 1, at 1 ("[Defendant] also seeks permission to [a]mend/[m]odify his original (9) [g]rounds down to (5) grounds and to have his sentence vacated or corrected)); (Motion 2, at 1 (same)). As discussed, the Court already considered and rejected these arguments in its January 13, 2022 Order. (ECF No. 1546). "Reconsideration motions are not intended to give parties a 'second bite at the apple.' Neither are they devices permitting the unsuccessful party to 'rehash' arguments previously presented." *Thibodeau v. ADT Security Servs.*, No. 16-cv-02680-GPC-AGS, 2018 WL 1791695, at *2 (S.D. Cal. Apr. 16, 2018) (quoting *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342 L (LSP), 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009)). While Defendant's motions also present expanded explanations as to those grounds for reconsideration, Defendant reasonably could have raised those arguments in his original § 2255 Motion but failed to do so. *See Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880. The Court also finds that Defendant has not otherwise provided the Court with newly discovered evidence, demonstrated that the Court committed clear error, or identified an intervening change in controlling law. Accordingly, the Court **DENIES** Defendant's renewed motions for reconsideration.

**IT IS SO ORDERED.**

Dated: August 11, 2025

Hon. Dana M. Sabraw
United States District Judge