**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>   v.<br><br>MARCUS ANTHONY FOREMAN (12),<br><br>                             Defendant. | Case No.:  14-cr-1288-12-DMS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT**<br><br>**[ECF No. 1679]** |

Pending before the Court is Defendant's motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6).  (ECF No. 1679.)  This matter is suitable for decision without oral argument or further briefing.  *See* S.D. Cal. Civ. R. 7.1(d)(1).  For the following reasons, the Court denies Defendant's motion.

## I.     BACKGROUND

Defendant moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on January 7, 2021.  (ECF No. 1489.)  The Court denied the motion ("§ 2255 Order") on January 13, 2022.  (ECF No. 1541.)  Defendant appealed the § 2255 Order, (ECF No. 1546), then moved this Court for reconsideration while the Order was still under appeal, (ECF No. 1590).  On January 13, 2023, the Court denied the motion for reconsideration because it lacked jurisdiction to review the motion while the underlying

Order was on appeal.  (ECF No. 1599.)  The Ninth Circuit denied Defendant's request for a certificate of appealability on August 8, 2023.  (ECF No. 1603.)  Defendant subsequently filed renewed motions for reconsideration of the § 2255 Order, (ECF Nos. 1629, 1633, 1635), which the Court denied on August 11, 2025.  (ECF No. 1637.)  Defendant now moves for judgment from relief under Rules 60(b)(1) and 60(b)(6), arguing the Court made several errors in its § 2255 Order.  (ECF No. 1679.)  Specifically, Defendant argues the Court (1) incorrectly described his claims and factual allegations as lacking specificity or record support; (2) failed to adjudicate ineffective assistance of counsel claims; (3) denied his request to expand the record, then rejected claims for lack of evidentiary support; (4) improperly found procedural default; (5) failed to address constitutional issues arising from the plea negotiations; and (6) overlooked material factual disputes.[1]  (*Id.* at 3–4.)

## II.    LEGAL STANDARD

Rule 60(b) states that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief.'"  *Kemp v. United States*, 596 U.S. 528, 533 (2022).  "This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable."  *Id.*  Motions for relief from judgment should be granted only in rare circumstances.  *See Smith v. Shartle*, No. CV-18-

---

[1] The § 2255 Order contains further background information not necessary to repeat here.  (*See* ECF No. 1541.)

14-cr-1288-12-DMS

00323, 2019 WL 5653444, at *2 (D. Ariz. Oct. 31, 2019) (citation omitted). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

### III.    DISCUSSION

The Court finds Defendant's motion is untimely. Defendant now moves for relief from judgment over four years after the Court entered its § 2255 Order on January 13, 2022. (*See* ECF No. 1541.) Thus, Defendant's Rule 60(b)(1) motion is explicitly barred by Rule 60(c). Fed. R. Civ. P. 60(c)(1). Further, while Rule 60(b)(6) motions are "not subject to this . . . 1-year constraint," *Kemp*, 596 U.S. at 533, the Court finds that Defendant's arguments under Rule 60(b)(6) were not raised within a "reasonable time." More than four years have elapsed since entry of the § 2255 Order, and Defendant has offered no reason or extraordinary circumstance to justify such a delay in filing the present motion. *See, e.g.*, *Lindblad v. United States*, No. 05-CR-00206, 2016 WL 1170860, at *3 (C.D. Cal. Mar. 23, 2016) (finding Rule 60(b)(6) motion filed over three years after entry of order denying § 2255 motion untimely). The Court finds the delay particularly unreasonable considering Defendant has previously appealed and moved to reconsider the § 2255 Order, and, therefore, had clear notice of the Court's ruling. Thus, the Court **DENIES** Defendant's motion for being untimely.

Additionally, Defendant could have raised the present arguments in his previous motions for reconsideration. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). He argues the § 2255 Order contains reported errors that were discernable upon reading the Order and, thus, should have been raised in his previous motions. Defendant fails to explain why his current arguments were not raised in earlier motions and does not argue there exists newly discovered evidence or a change in law. For these reasons, Defendant's motion for relief from judgment is **DENIED.**

**IT IS SO ORDERED.**

14-cr-1288-12-DMS

Dated: June 18, 2026

Hon. Dana M. Sabraw
United States District Judge

14-cr-1288-12-DMS